UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARIO MARTINEZ ARIAS,

Plaintiff,

v.

D. DAVEY, et al.,

Defendants.

Case No. 15-cv-01857-JSC

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights complaint under 42 U.S.C. § 1983 against his former and current wardens.[1] His application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is dismissed without leave to amend.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. 1 at 5.)

claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that on July 14, 2014, while he was incarcerated at Corcoran State Prison, his wife was excluded as a visitor for a year because she was found to be in possession of drugs on prison property. According to Plaintiff, she had a legal prescription for the drugs for medical reasons at the time. Plaintiff filed administrative appeals of his wife's exclusion as a visitor, but these appeals were rejected. Plaintiff claims that the rejection of his appeals contradicts the policies and regulations of the California Department of Corrections and Rehabilitation, and violates his right to due process. Plaintiff fails to state a viable section 1983 claim.

First, the violation of prison policies or other state laws cannot be the basis of a claim under Section 1983, which requires a violation of federal law. *West*, 487 U.S. at 48. Plaintiff does not have a federal constitutional right to have his administrative appeals correctly decided because there is no federal constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Second, Plaintiff's constitutional right to due process does not extend to the exclusion of

2

his wife as a visitor. Interests protected by the Due Process Clause may arise from two sources-- the Due Process Clause itself and laws of the states. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). A prisoner's interest in unfettered visitation is not guaranteed by the Due Process Clause itself. *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460, 461 (1989) ("The denial of prison access to a particular visitor is well within the terms of confinement ordinarily contemplated by a prison sentence, and therefore is not independently protected by the Due Process Clause.") (internal quotation marks and citation omitted).

California's regulations governing prison visitation would only implicate his federal right to due process if the regulations narrowly restrict the power of prison officials to deny inmates visitation, and whether the deprivation suffered due to a denial of visitation is one of "real substance." *Sandin v. Conner*, 515 U.S. 472, 477-87 (1995). California Code of Regulations Title 15, Section 3170.1 sets forth general substantive criteria which must be followed and circumstances under which visitation must be approved. However, Section 3172.1(b) specifically provides that visitation may be discretionarily denied for reasons other than those set forth in the regulations and Section 3170.1(c) states that visits are subject to denial or restriction as necessary to provide fair allocation of prison resources. This reservation of the right to allow and disallow visits "is not such that an inmate can reasonably form an objective expectation that a visit would necessarily be allowed absent the occurrence of one of the listed conditions." *See Thompson*, 490 U.S. at 464-65. Because a visit may be denied regardless of compliance with substantive criteria, this language is not sufficiently mandatory to meet the first prong of the *Sandin* test, and therefore no protected liberty interest requiring constitutional protection is created. *See Valdez v. Woodford*, 308 Fed.Appx. 181 (9th Cir. 2009) ("The district court properly dismissed Valdez's due process claim pursuant to 28 U.S.C. § 1915A because neither federal nor state law has created a protected interest in visitation.").

Thus, while the exclusion of Plaintiff's wife as a visitor based on her possession of drugs on prison property may violate prison regulations or other aspects of state law, it does not implicate his federal right to due process or his rights under federal law. Therefore, Plaintiff's allegations, even when liberally construed, do not state a cognizable claim for relief under 42

3

U.S.C. § 1983.  Leave to amend is not warranted because it is clear that Plaintiff can prove no set of facts regarding the denial of visitations by his wife that would amount to a violation of federal law.  *See Weilburg v. Shapiro,* 488 F.3d 1202, 1205 (9th Cir. 2007) (a pro se complaint may be dismissed for failure to state a claim "where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"); *see also Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

## CONCLUSION

The complaint is DISMISSED for failure to state a cognizable claim for relief.  The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: May 29, 2015

JACQUELINE SCOTT CORLEY
United States Magistrate Judge