UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO MARTINEZ ARIAS,<br>    Plaintiff,<br>  v.<br>D. DAVEY, et al.,<br>    Defendants. | Case No. 15-cv-01857-JSC<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**<br><br>Re: Dkt. Nos. 6, 9 |

Plaintiff, a California prisoner proceeding pro se, filed this civil rights complaint under 42 U.S.C. § 1983 against his former and current wardens.[1] He was granted leave to proceed *in forma pauperis* in a separate order. (Dkt. No. 4.) After reviewing the complaint pursuant to 28 U.S.C. § 1915A, the Court dismissed it without leave to amend because it did not state a cognizable claim for relief. (Dkt. No. 3.) Plaintiff has filed a motion for reconsideration. (Dkt. No. 6.) In addition, he filed a notice of appeal, and the United States Court of Appeals has referred the appeal to this Court for the limited purpose of determining whether pauper status should continue on appeal or whether the appeal is frivolous or taken in bad faith. (Dkt. No. 9.) *See* 28 U.S.C. § 1915(a)(3).

In the Northern District of California, Local Rule 7-9 allows for the filing of motions for reconsideration only with respect to interlocutory orders made in a case prior to the entry of final judgment. *See* Civil L.R. 7-9(a). Therefore, a post-judgment motion for reconsideration is construed as a motion to alter or amend judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure.

Plaintiff does not specify whether he seeks relief under Rule 59(e) or Rule 60(b). The motion is therefore construed as a motion under Rule 59(e) because the denial of a motion under

---

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 1 at 5.)

Rule 59(e) is construed as a denial of relief under Rule 60(b) as well. *See McDowell v. Calderon*, 197 F.3d 1253, 1255 n.3 (9th Cir. 1999) (citation omitted) (en banc). A motion to alter or amend judgment under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" *Id.* at 1255.

Plaintiff does not indicate the provision of Rule 59(e) under which reconsideration is warranted. Plaintiff alleges no newly discovered evidence, no clear error, and no intervening change in the law. Rather, plaintiff argues that his rights under the California Code of Regulations pertaining to the pursuit of prison administrative appeals are being violated. As explained in the dismissal order, the violation of state law is not grounds for relief under Section 1983. *See West v. Atkins*, 487 U.S. 42, 48 (1988). He states that the violation of his right to pursue administrative appeals violates his right to due process, but the Court explained in the dismissal order that there is no federal constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Plaintiff cites no authority indicating that the above conclusions are wrong, let alone clearly erroneous, nor does he show any other grounds for reconsideration. Plaintiff's disagreement with the Court's conclusions in the dismissal order may be raised in his appeal, but are not grounds for reconsideration. *See Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (motions for reconsideration are not a substitute for appeal or a means of attacking some perceived error of the court). Consequently, the motion for reconsideration (dkt. 6) is DENIED

Pursuant to the referral from the United States Court of Appeals, this Court finds that the appeal is taken in good faith such that plaintiff's pauper status may continue on appeal. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

Dated: 9/2/15

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

2